**RONG FA LI, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–6823–ag.

United States Court of Appeals, Second Circuit.

Aug. 10, 2006.

Jim Li, New York, NY, for Petitioner.

David E. O'Meilia, United States Attorney for the Northern District of Oklahoma; Neal B. Kirkpatrick, Assistant United States Attorney, Tulsa, OK, for Respondent.

PRESENT: Hon. JON O. NEWMAN, Hon. GUIDO CALABRESI and Hon. SONIA SOTOMAYOR, Circuit Judges.

## SUMMARY ORDER

Petitioner Rong Fa Li, a native and citizen of the People's Republic of China, seeks review of a December 2, 2005 order of the BIA affirming the April 16, 2004 decision of Immigration Judge ("IJ") Brigitte Laforest denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Rong Fa Li,* No. A 95 417 956 (B.I.A. Dec. 2, 2005), *aff'g* No. A 95 417 956 (Immig. Ct. N.Y. City Apr. 16, 2004). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yu Yin Yang v. Gonzales,* 431 F.3d 84, 85 (2d Cir.2005); *Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 401–02 (2d Cir.2005); *see also Xiao Ji Chen v. U.S. Dep't of Justice,* 434 F.3d 144, 158 (2d Cir.2006) (agreeing with this principle, but avoiding remand, in spite of deficiencies in an adverse credibility determination, because it could be confidently predicted that

the IJ would adhere to the decision were the case remanded).

Title 8, Section 1158(a)(3) of the United States Code provides that no court shall have jurisdiction to review the agency's finding that an asylum application was untimely under 8 U.S.C. § 1158(a)(2)(B), or its finding of neither changed nor extraordinary circumstances excusing the untimeliness under 8 U.S.C. § 1158(a)(2)(D). While the courts retain jurisdiction, under 8 U.S.C. § 1252(a)(2)(D), to review constitutional claims and "questions of law," the petitioner in this case has challenged only purely factual determinations and the agency's exercise of discretion. The Court therefore lacks jurisdiction to review the agency's denial of asylum. *See Joaquin–Porras v. Gonzales*, 435 F.3d 172, 177–80 (2d Cir.2006).

Section 1158(a)(3) applies only to asylum requests and does not divest this Court of jurisdiction under § 1252(a) to review final orders of removal which deny other relief, such as withholding of removal. *Id.* at 180–81. The Court may therefore review Li's remaining claims on the merits.

Substantial evidence supports the IJ's adverse credibility finding. The IJ accurately observed that while Li's written application indicated that he began to practice Falun Gong in late 2001, he testified that he began to practice it in January 2001. The IJ was not required to accept Li's explanation that his memory was faulty. This timing issue was material to Li's claim that he was a Falun Gong practitioner and, when measured against a record bereft of key corroborating evidence, as discussed below, it supports the IJ's adverse credibility finding. *See Secaida–Rosales v. INS*, 331 F.3d 297, 308 (2d Cir.2003).

The record also supports the IJ's finding that Li provided no corroboration for his affiliation with Falun Gong. Although Li testified that his wife was in the United States, she did not submit a statement about Li's Falun Gong—related activities, nor did she appear in court to testify on his behalf. When asked whether he thought it was important for his wife to testify, Li simply responded that he was "not sure." Li also failed to provide a statement from the neighbor who purportedly introduced him to the practice of Falun Gong. Thus, the IJ properly found that the lack of corroboration undermined Li's credibility. *See Diallo v. INS*, 232 F.3d 279, 287 (2d Cir.2000) (emphasizing that "[t]he presence or absence of corroboration may properly be considered in determining credibility," but it cannot be the only factor taken into account).

On the other hand, the IJ's finding that, although Li claimed to have practiced Falun Gong for over three years, he exhibited a "very basic" knowledge of it, was flawed. The IJ appeared to indicate that Li's limited testimony about Falun Gong further undermined his credibility. While Li's testimony regarding his knowledge of Falun Gong was brief, he was able to identify the creator of Falun Gong and name its exercises and principles. The IJ erred by failing to probe for further incidental details when she was not persuaded by Li's testimony. *See Jin Shui Qiu v. Ashcroft*, 329 F.3d 140, 152 (2d Cir.2003).

Additionally, the record does not support the IJ's finding that the medical notes submitted by Li failed to corroborate his testimony. On the contrary, the medical notes support Li's claim that he previously suffered from difficulty sleeping and prostatitis for which he sought medical treatment, and that after multiple visits

with a physician between 2001 and 2002, his prostatitis and anxiety symptoms had "resolved" after practice of meditation. While the physician who wrote the notes used the term "meditation" and not "Falun Gong," the notes nevertheless generally corroborated Li's testimony. However, as implied above, they do not explicitly corroborate that Li practiced Falun Gong.

Notwithstanding any flaws in the IJ's reasoning, this case need not be remanded on the adverse credibility finding. Because of the material inconsistency and lack of corroboration identified in the record, it is possible to "confidently predict" that the decision maker would reach the same result regarding the credibility of Li's claim on remand. *See Xiao Ji Chen,* 434 F.3d at 162; *Cao He Lin,* 428 F.3d at 395. Given that Li's claims for relief shared the same factual premise, the adverse credibility determination in this case necessarily precludes success on Li's claims for withholding of removal under both the INA and the CAT. *See Wu Biao Chen v. INS,* 344 F.3d 272, 275 (2d Cir. 2003); *Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED. The pending motion for a stay of removal is DENIED as moot.